### BARNARD v. BROWN et al.

*(Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. PLEADING—WAIVER OF DEFECTS—FAILURE TO DEMUR OR ANSWER.
Where the objection that several causes of action are improperly united in the complaint is not made either by demurrer or answer, it is waived, under Code Civil Proc. § 499, providing that, if such objection is not so taken, defendant is deemed to have waived it.

2. ACTION—JOINDER OF CAUSES.
Where defendants waive objection that several causes of action against different defendants are improperly united in the complaint, the action is maintainable if either of the causes so united is made out against either of the defendants.

Appeal from special term, Chautauqua county.

Creditors' bill by Persons S. Barnard against Norman B. Brown, Mary A. Brown, and others. Judgment for defendants. Plaintiff appeals. Reversed as to Norman B. Brown and Mary A. Brown, and affirmed as to the other defendants.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*W. Woodbury,* for appellant. *J. G. Record* and *B. W. Hooker,* for respondents.

DWIGHT, P. J. This was a creditors' bill to reach property, real and personal, or its avails, alleged to have been transferred by the judgment debtor, Norman B. Brown, in fraud of creditors and especially of this plaintiff. The bill is, curiously, framed to include many distinct and separate transfers of the character mentioned by the judgment debtor, to as many several defendants, each of whom is alleged to be, in regard to such transfers, respectively in complicity with the fraud of the transferrer. No conspiracy is alleged between all or any of the persons so joined as defendants, except in a single count of the complaint, which relates to a single transaction entirely independent of the great number of separate transfers of property charged to have been made in fraud of creditors. We seem, therefore, to have in this complaint several distinct causes of action, against several defendants, with a demand for an accounting by and a judgment against each. How it would be found practicable to frame and enforce a decree as multifarious as the bill it is difficult to see; but the objection that several causes of action have been improperly united in the complaint was not taken either by demurrer or answer, and was thereby waived. Code Civil Proc. § 499.[1] If, therefore, either of the causes of action so united was made out against either of the defendants who is charged with having taken a transfer of property of the judgment debtor in fraud of creditors, the action was maintained, and it was error to dismiss the complaint as to such defendant. A very careful review of the voluminous and somewhat confused testimony presented by this record has led us to the conclusion, notwithstanding the findings of the court below, that the action was thus maintained against the defendant Mary A. Brown, the wife of the defendant Norman B. Brown, the judgment debtor. We think the learned judge at special term failed to attach the due significance to the evidence bearing upon the character of transactions between the two defendants named; that the depletion of the husband's estate and the augmentation of that of the wife were not well accounted for upon any other theory than that of voluntary transfers of property from the former to the latter; and that such transfers had the effect, and were with the presumed intent, to hinder, delay, and defraud the creditors of the husband. As to other defendants against whom similar acts and a like intent were charged, there is

[1] Code Civil Proc. § 499: "If such an objection [misjoinder of causes of action or of parties] is not taken either by demurrer or answer, the defendant is deemed to have waived it."

by no means the same force of evidence, as there were not the same relations with the judgment debtor; and we do not regard the case as, on the whole, justifying our interference with the negative finding of the trial court as to any of them.    Our conclusion, therefore, is that as to the defendants Norman B. Brown and Mary A. Brown the judgment should be reversed, and a new trial granted, with costs to abide the final award of costs; and that as to all other defendants represented on this appeal the judgment should be affirmed, without costs to either party.    All concur.